<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
|
KEVIN BALDEMORA,                            :
                                            :
              **Petitioner,**           :          **Civil Action No. 16-2604 (ES)**
                                            :
              **v.**                    :          **MEMORANDUM OPINION**
                                            :
WARDEN CHARLES GREEN,                       :
                                            :
              **Respondent.**           :
_____:

**SALAS, DISTRICT JUDGE**

Petitioner Kevin Baldemora (Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey, pending his removal from the United States.   On May 5, 2016 Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his detention pending removal.   (D.E. No. 1, Petition ("Pet.")).   For the reasons stated below, the Court will DENY the Petition.

## I. BACKGROUND

Petitioner, a native and citizen of Venezuela, entered the United States as a Legal Permanent Resident on or about September 23, 2005.   (D.E. No. 4, Respondent's Answer ("Answer"), Ex. A, Notice to Appear).   On April 29, 2014, Petitioner was convicted in New Jersey Superior Court, Middlesex County for Theft by Unlawful Taking, in violation of N.J.S.A. 2C:20-3, and sentenced to three years in prison.   (*Id.*).   Thereafter, Petitioner was charged as removable pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act and taken

into ICE custody on April 22, 2015. (*Id.*).   Based on his theft conviction, Petitioner was mandatorily detained by ICE pursuant to 8 U.S.C. § 1226(c).   (Answer, Ex. B, Notice of Custody Determination).   On December 22, 2015, an Immigration Judge ordered Petitioner removed to Venezuela.   (Answer, Ex. C, Order of the Immigration Judge).   On April 13, 2016, the Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's ruling.   (Answer, Ex. D, Decision of the Board of Immigration Appeals).   On May 5, 2016, Petitioner filed the instant Petition wherein he alleges that his prolonged detention violates his due process rights.   (Pet. 9-16).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973), and because Petitioner asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

2

**B. Analysis**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General--
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on--
>>
>>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>>
>>> (B) conditional parole; . . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who--
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a).   Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).   "An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals."   8 C.F.R. § 1241.1(a).   During the removal period, "the Attorney General shall detain the alien."   8 U.S.C. § 1231(a) (2).   Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."   533 U.S. at 689.   To guide habeas courts, the Supreme Court recognized six

4

months as a presumptively reasonable period of post-removal-order detention.  *Id.* at 701.  The

Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to

believe that there is no significant likelihood of removal in the reasonably foreseeable future.  *Id.*

Specifically, the Supreme Court determined:

> After this 6–month period, once the alien provides good reason to
> believe that there is no significant likelihood of removal in the
> reasonably foreseeable future, the Government must respond with
> evidence sufficient to rebut that showing. And for detention to
> remain reasonable, as the period of prior postremoval confinement
> grows, what counts as the "reasonably foreseeable future"
> conversely would have to shrink. This 6–month presumption, of
> course, does not mean that every alien not removed must be released
> after six months. To the contrary, an alien may be held in
> confinement until it has been determined that there is no significant
> likelihood of removal in the reasonably foreseeable future.

*Id.*

Here, Petitioner argues that his mandatory detention under 8 U.S.C. § 1226(c) has become

prolonged and therefore violates his due process rights.  However, Petitioner is not detained

pursuant to § 1226 at this time; nor was he detained pursuant to § 1226 when he filed his Petition.

Rather, he was, and currently is, detained pursuant to § 1231 because he has a final order of

removal.  *See* 8 U.S.C. § 1231(a)(1)(B).  Petitioner's order of removal became final on April 13,

2016 when the BIA dismissed his appeal.  8 C.F.R. § 1241.1(a).  Therefore, when he filed this

Petition on May 5, 2016, Petitioner's 90-day removal period, during which detention is mandatory,

had not yet expired.  Likewise, neither had his presumptively reasonable 6-month period under

*Zadvydas*.  As a result, any challenge to his post-removal-order detention was premature.

Moreover, even though the presumptively reasonable 6-month period under *Zadvydas* has

now since expired, Petitioner is still not entitled to relief.  The *Zadvydas* Court emphasized that

"[t]his 6–month presumption . . . does not mean that every alien not removed must be released

5

after six months." *Zadvydas*, 533 U.S. at 701.   Rather, the Supreme Court explained that, to state

a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe

that his or her removal is not foreseeable.   *See id.*   In his Petition, Petitioner does not provide any

facts which indicate his removal is not reasonably foreseeable and therefore does not meet his

burden.   *See Barenboy v. Attorney Gen. of U.S.*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once

the six-month period has passed, the burden is on the alien to provide good reason to believe that

there is no significant likelihood of removal in the reasonably foreseeable future. . . . Only then

does the burden shift to the Government, which must respond with evidence sufficient to rebut that

showing." (internal quotations, alterations and citations omitted)).

## III. CONCLUSION

For the reasons set forth above, the Petition will be denied.   This denial is *without*

*prejudice* to the filing of a new § 2241 petition (in a new case) if Petitioner can allege facts, at the

time of filing, showing good reason to believe that there is no significant likelihood of his removal

in the reasonably foreseeable future.   An appropriate order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

6